IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

REX LYN MARSHALL                                                                                              PLAINTIFF

       v.       Civil No. 11-3062

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Plaintiff, Rex Marshall, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**  **Procedural Background:**

  The plaintiff filed his applications for DIB and SSI on September 16, 2008, alleging an onset date of June 12, 2008, due to diabetes, high blood pressure, thyroid problems, back problems, restless leg syndrome, arthritis, bone problems, and seizure disorder. Tr. 101-113, 133, 154-155, 160, 165, 170, 173-174.  His applications were denied initially and on reconsideration.  Tr. 51-63. An administrative hearing was held on November 19, 2009.  Tr. 19-45.  Plaintiff was present and represented by counsel. At this time, Plaintiff was 54 years of age and possessed a ninth grade education.  Tr. 24.  He had past relevant work ("PRW") experience as a sander outfeeder (wood worker), and was receiving long-term disability benefits through his former employer.  Tr. 24-25, 40, 134, 143, -145, 181-186.

  On September 18, 2009, the Administrative Law Judge ("ALJ") concluded that Plaintiff's seizure disorder was a severe impairments but did not meet or medically equal one of the listed impairments in 20 C. F. R., Part 404, Subpart P, Appendix 1.  Tr. 11-12.  She found that Plaintiff maintained the residual functional capacity ("RFC") to perform light work that involves only occasional

balancing, climbing ramps or stairs, crouching, crawling, kneeling, or stooping; does not require climbing ladders, ropes, or scaffolds or driving, and requires no more that moderate exposure to heights, unmanned machinery, or other untended machinery. Tr. 12-14. With the assistance of a vocational expert, the ALJ then found he could still perform work as a cashier II, fast food worker, and production line assembler. Tr. 15.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 1, 2011. Tr. 1-4. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 9, 10.

The court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' appeal briefs and the ALJ's decision and are repeated here only to the extent necessary.

## II.     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's

AO72A
(Rev. 8/82)

findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U. S. 212, 219-220 (2002).

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**III.    Discussion**:

RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).  "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The medical evidence of record reveals that Plaintiff suffers from a seizure disorder that requires him to take anti-seizure medication on a daily basis.  In spite of finding Plaintiff's seizure disorder to be a severe impairment, the ALJ accepted the opinion of the non-examining, consultative doctor and concluded that Plaintiff would need to avoid work involving more than moderate exposure to heights, unmanned machinery, or other untended machinery.  *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). She also uses the following two factors to bolster her finding that medium exposure to these elements would be acceptable:  1) Dr. Brown's statement that

Plaintiff's disorder was controlled with medication in September 2008, and 2) Dr. Brown's statement that he was not certain Plaintiff was actually suffering from a seizure disorder. We note, however, that Plaintiff continued to report experiencing frequent "spells" after September 2008 and maintained a diagnosis of seizure disorder. Tr. 192, 225-226, 227-228. And, although his EEG was within normal limits, we note that it is not uncommon from seizure patients to exhibit a completely normal EEG between seizures. As for Dr. Brown's statement that Plaintiff might not actually be suffering from a seizure impairment, he did prescribe Plaintiff anti-seizure medication which he continues to take today. Had his concern with the possibility of malingering and secondary gain been significant, we believe he would not have prescribed Plaintiff this medication. Further, we can find no evidence that any of Plaintiff's other doctors have questioned his motives or the authenticity of his seizures.

Therefore, while we agree that the evidence does not establish that Plaintiff's seizure disorder is disabling, we do believe that the ALJ's RFC fails to properly account for the limitations imposed by his disorder as *any* exposure to unprotected heights, automotive equipment, moving machinery, and other dangerous objects could prove hazardous to Plaintiff and/or others if he were to experience a "spell" or seizure while at work. *See* SSR-96-8P ( RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule). Accordingly, we believe that remand is necessary to allow the ALJ the opportunity to re-evaluate Plaintiff's seizure precautions.

On remand, the ALJ should also recall the vocational expert to testify regarding jobs that would still be available to Plaintiff given his inability to be exposed to unprotected heights, automotive equipment, moving machinery, and other dangerous objects. *See Mitchell v. Sullivan*, 925 F.2d 247, 249–50 (8th Cir. 1991) ("[A] hypothetical question based solely upon the ALJ's assumptions, without medical corroboration, is devoid of usefulness or meaning."). The ALJ is reminded that the

aforementioned precautions prevent individuals from performing production line/assembly jobs and other jobs in which the individual might work with or near hot substances, hot surfaces and/or items, and sharp instruments.

IV. **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of September 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

6

AO72A
(Rev. 8/82)